## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

| | |
|---|---|
| **JOSEPHINE LOGIUDICE**, individually and on behalf of all others similarly situated, | Civil Case No.: |
| Plaintiff, | **CLASS ACTION COMPLAINT AND JURY DEMAND** |
| v. | |
| **INTELEMEDIA COMMUNICATIONS, INC.; INTELEMEDIA PREMIER LEADS, LLC**, and DOES 1-25 | |
| Defendant. | |

## INTRODUCTION

1.      Plaintiff Josephine Logiudice ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from Defendants Intelemedia Communications, Inc.'s ("Intelemedia") and Intelemedia Premiere Leads LLC's ("IPL") (collectively, "Defendants") practice of placing prerecorded telemarketing telephone calls to telephones without prior express written consent in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA").

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute. This Court has personal jurisdiction over Defendants because the behavior giving rise to the instant litigation was targeted at this District.

3.      Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendants conduct significant amounts of business transactions within this District and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## PARTIES

4.      Plaintiff is, and at all times mentioned herein was, a citizen and resident of Ocala, Florida.

5.      Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

6.      Defendant Intelemedia Communications, Inc. is and at all times mentioned herein was, a corporation duly organized under the laws of the State of Delaware with its headquarters in Texas.

7.      Defendant Intelemedia Communications, Inc. is and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

8.      Defendant Intelemedia Premiere Leads, LLC. is and at all times mentioned herein was, a corporation duly organized under the laws of the State of Delaware with its headquarters in Texas.

9.      Defendant Intelemedia Premiere Leads, LLC. is and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

10.     Does 1-25 are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## FACTUAL ALLEGATIONS

11.     In approximately early 2017, Plaintiff began receiving telephone calls on her cellular telephone number ending in 9464.

12.     These calls came from Defendants' telephone number 1-800-228-7676.

13.     This telephone number is associated with Defendants' "Dream Sweepstakes" (also

known as "Moneycall") promotion, details of which can be found at www.dreamsweepstakes.net

14.     Defendants, as part of their "Dream Sweepstakes" promotion, place prerecorded telephone calls to individuals.

15.     These calls also used an automatic telephone dialing system, as evidenced by a brief and unnatural pause prior to the prerecorded message beginning to play.

16.     These telephone calls contain several advertisements for various products and services, making the calls telemarketing.

17.     The calls Plaintiff answered contained such prerecorded messages and advertisements.

18.     Because the calls constitute telemarketing, Defendants were required to obtain prior express written consent from the persons to whom they made calls.

19.     "Prior express written consent" is specifically defined by statute as:

[A]n agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered.

20.      Indeed, a review of the "Dream Sweepstakes" website shows that Defendants' did not obtain such consent.

21.     On the main page, there are links to "Home", "How To Play", and "Support".

22.     On the "Home" page, it states "Subscribe now by calling 1_800_228_7676.

23.     There are no written disclosures authorizing Defendants to deliver or cause to be delivered advertisements or telemarketing messages using an artificial or prerecorded voice.

24.     No such disclosures are read to the caller (although this would not be sufficient written consent regardless).

3

25.     On the "How to Play" page there are instructions on how to subscribe (but none on how to opt out). There are no written disclosures authorizing Defendants to deliver or cause to be delivered advertisements or telemarketing messages using an artificial or prerecorded voice.

26.     On the Support Page, there is a contact form. There are no written disclosures authorizing Defendants to deliver or cause to be delivered advertisements or telemarketing messages using an artificial or prerecorded voice.

27.     On the Support Page, however, there is a link to "Official Rules." This is the only link to the Official Rules on the site.

28.     The Official Rules page discloses that "by clicking the SUBSCRIBE button, I hereby consent to receive … pre-recorded telemarketing calls from or on behalf of Intelemedia Premier Leads, LLC at the telephone number provided above[.]"

29.     There is no "subscribe" button to click, nor is the telephone number provided anywhere on the site.

30.     In the "How to Enter" section, it states that "[b]y confirming your subscription over the phone or online at www.dreamsweepstakes.net, you are providing your express written consent to receive weekly phone numbers to the phone you use to subscribe with[.]"

31.     Notwithstanding the facts that burying consent language in the "Official Rules" found only on the support page and that simply stating that a telephone call is written consent cannot override the statutory definition of "written consent", the language itself is deficient, as it does not disclose the possibility or pre-recorded telemarketing calls.

32.     Nevertheless, the language quoted above indicates Defendants' awareness of its obligations under the TCPA, and its intentional disregard of those obligations.

33.     Accordingly, because Defendants failed to obtain prior express written consent

prior to making its telemarketing calls, Defendants' telephone calls violate 47 U.S.C. § 227(b), and Plaintiffs and class members are entitled to $500 to $1500 per call.

## CLASS ACTION ALLEGATIONS

34.     Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of a proposed class defined as:

> Plaintiff and all persons within the United States to whose telephone number Defendants placed a prerecorded telemarketing call or to whose cellular telephone number Defendants placed a call using an automatic telephone dialing system.
>
> ("Class")

35.     Excluded from this class are Defendants and any entities in which Defendants have a controlling interest; Defendants' agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

36.     The Class members for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

37.     The exact number and identities of the persons who fit within the class are ascertainable in that Defendants maintains written and electronically stored data showing:

      a.     The time period(s) during which Defendants placed their calls;

      b.     The telephone numbers to which Defendants placed their calls;

      c.     The content of the calls;

      d.     The equipment and methods for making the calls;

38.     The Class is comprised of hundreds, if not thousands, of individuals nationwide.

39.     There are common questions of law and fact affecting the rights of the Class members, including, *inter alia*, the following:

       a.      Whether Defendants used an automatic dialing system or prerecorded voice in placing its calls;

       b.      Whether Defendants took adequate steps to acquire and/or track consent;

       c.      Whether Plaintiff and Class members were damaged thereby, and the extent of damages for such violations; and

       d.      Whether Defendants should be enjoined from engaging in such conduct in the future.

40.     Plaintiff is a member of the Class in that Defendants made prerecorded telemarketing calls made using an automatic telephone dialing system to her cellular telephone.

41.     The claims of Plaintiff are typical of the Class members in that they arise from Defendants' uniform conduct and are based on the same legal theories of all Class members.

42.     Plaintiff and all putative Class members have also necessarily suffered actual damages in addition to statutory damages, as the calls used Class members' cellular telephone plans, caused a nuisance to Class members, and invaded Class members' privacy.

43.     Plaintiff has no interests antagonistic to, or in conflict with, the Class.

44.     Plaintiff will thoroughly and adequately protect the interests of the Class, having retained qualified and competent legal counsel to represent himself and the Class.

45.     Defendants have acted and refused to act on grounds generally applicable to the Class, thereby making injunctive and declaratory relief appropriate for the Class as a whole.

46.     The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

47.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make

individual actions uneconomical.

48.     Common questions will predominate, and there will be no unusual manageability issues.

## FIRST CAUSE OF ACTION
### Violation of 47 U.S.C. § 227
(On Behalf of Plaintiff and the Class)

49.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

50.     Defendants placed prerecorded and autodialed telemarketing telephone calls to the telephone numbers belonging to Plaintiff and the other members of the Class.

51.     These calls were made in the absence of prior express written consent from Plaintiff and Class members.

52.     Defendants have therefore violated 47 U.S.C. § 227(b).

53.     As a result of Defendants' unlawful conduct, Plaintiff and the members of the putative Class are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation under 47 U.S.C. § 227(b)(3)(B).

54.     Should the Court determine that Defendants' conduct was willful and/or knowing, Plaintiff and each member of the Class are entitled to treble damages in the amount of $1,500 per call, pursuant to 47 U.S.C. § 227(b)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Josephine Logiudice, individually and on behalf of the Class, prays for the following relief:

A.      An order certifying the Class as defined above, appointing Plaintiff Logiudice as the representative of the Class, and appointing her counsel as Class Counsel;

B.      An order declaring that Defendants' actions, as set out above, violate 47 U.S.C. §

227;

C.     An award of injunctive and other equitable relief as necessary to protect the interests of the Class, including, *inter alia*, an order prohibiting Defendants from engaging in the wrongful and unlawful acts described herein;

D.     An award of actual and statutory damages;

E.     An award of reasonable attorneys' fees and costs; and

F.     Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

**Dated:** September 18, 2017          */s/William "Billy" Peerce Howard*
                                    William "Billy" Peerce Howard, Esquire
                                    Florida Bar No.: 0103330
                                    Billy@TheConsumerProtectionFirm.com
                                    THE CONSUMER PROTECTION FIRM, PLLC
                                    210-A South MacDill Avenue
                                    Tampa, FL 33609
                                    Telephone: (813) 500-1500 x201
                                    Facsimile: (813) 435-2369


                                    */s/ Jeremy M. Glapion*
                                    Jeremy M. Glapion
                                    **THE GLAPION LAW FIRM, LLC**
                                    1704 Maxwell Drive
                                    Wall, New Jersey 07719
                                    Tel: 732.455.9737
                                    Fax: 732.709.5150
                                    jmg@glapionlaw.com
                                    *Pro hac vice* (to be filed)

                                    *Attorneys for Plaintiff*