IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOSEPHINE LOGIUDICE, individually
and on behalf of others similarly situated,

    Plaintiff,      Case No. 5:17-cv-0433-Oc-40PRL

v.

INTELEMEDIA COMMUNICATIONS,
INC., INTELEMEDIA PREMIER LEADS,
LLC, and DOES 1 – 25,

    Defendants.

## DEFENDANTS' UNOPPOSED MOTION TO AMEND THE COURT'S CASE MANAGEMENT ORDER

Defendants Intelemedia Communications, Inc. and Intelemedia Premier Leads, LLC file this unopposed motion to amend the Court's Case Management and Scheduling Order (Doc. No. 31). Pursuant to Local Rule 3.01(a), Defendants state their position as follows:

### STATEMENT OF POSITION

1. A case management schedule may be modified only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4); *see also* Fed. R. Civ. P. 6(b)(1).

2. District courts have broad discretion over the management of pre-trial activities, including discovery and scheduling. *See Johnson v. Board of Regents of University of Georgia*, 263 F. 3d 1234, 1269 (11th Cir. 2001).

3. "This good cause standard precludes modification [of the case management order] unless the schedule cannot 'be met despite the diligence of the party

seeking the extension.'" *Sosa v. Airport Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (citing Fed. R. Civ. P. 16 advisory committee's note).

4. But, "[i]n the interest of justice and sound judicial administration, an amendment of a pretrial order should be permitted where no substantial injury will be occasioned to the opposing party, the refusal to allow the amendment might result in injustice to the movant, and the inconvenience to the court is slight." *Sherman v. U.S.*, 462 F. 2d 577, 578 (5th Cir. 1972).

5. From the inception of this lawsuit, Plaintiff and Movants have diligently pursued an efficient resolution to this lawsuit in good faith.

6. On December 12, 2017, the Court ordered the Parties to conduct mediation before February 28, 2018 (Doc. No. 31).

7. But thereafter, separate litigants filed suit against Defendants Intelemedia Communications, Inc. and Intelemedia Premier Leads, LLC in the U.S. District Court of the Western District of Tennessee on January 5, 2018. *Johnson et al. v. Intelemedia Communications, Inc. et al.*, No. 2:18-cv-02018-JPM-tmp (W.D. Tenn. Filed Jan. 5, 2018).

8. In a good faith effort to promote judicial economy, Defendants seek to extend the presently-scheduled February 28, 2018 Mediation Deadline by forty-seven (47) days until April 16, 2018 to permit meaningful joint mediation participation by the plaintiff of the Western District of Tennessee case. The parties currently have a mediation date reserved with Peter Grilli on April 5, 2018.

9. In the event the Court approves Defendants' request to extend the Mediation Deadline, Defendants seek to proportionately extend the Discovery Deadline from July 13, 2018 until August 31, 2018 to conduct adequate discovery in the event that the mediation is unsuccessful and the parties are not able to settle the cases.

10. The forty-seven (47) day tolling of both the Mediation Deadline and Discovery Deadline will result in *de minimis* inconvenience to the Court, cause no harm to the Plaintiff, and will result in substantial justice for Defendants.

11. Accordingly, Movants request the Court's Case Management and Scheduling Order be amended to extend the Mediation Deadline until April 16, 2018 and the Discovery Deadline until August 31, 2018. In support of its position, Movants submit this incorporated memorandum of law pursuant to Local Rule 3.01(a):

### MEMORANDUM OF LAW

A case management schedule may be modified only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4); *see also* Fed. R. Civ. P. 6(b)(1). This standard precludes modification [of the case management order] unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa, Inc.,* 133 F.3d at 1418. However, "[i]n the interest of justice and sound judicial administration, an amendment of a pretrial order should be permitted where no substantial injury will be occasioned to the opposing party, the refusal to allow the amendment might result in injustice to the movant, and the inconvenience to the court is slight." *Sherman*, 462 F. 2d at 578.

Here, a similarly-patterned lawsuit has been filed against Defendants Intelemedia Communications, Inc. and Intelemedia Premier Leads, LLC in the U.S. District Court of the Western District of Tennessee after issuance of the Court's Case Management and Scheduling Order. *Johnson et al. v. Intelemedia Communications, Inc. et al.*, No. 2:18-cv-02018-JPM-tmp (W.D. Tenn. Filed Jan. 5, 2018). This Case's Mediation Deadline is presently-scheduled for February 28, 2018. (Doc. No. 31). Plaintiff in the case-at-bar, as well as plaintiffs in in the Western District of Tennessee case, have expressed willingness to seek an efficient resolution of all cases at a joint mediation on April 5, 2018.

In the event the Court allows extension of the Mediation Deadline to accommodate such a joint mediation, and proportionately extends the presently-scheduled Discovery Deadline (from July 13, 2018 until August 20, 2018) to permit sufficient discovery in the event of an impasse, these modest extensions will result in *de minimis* inconvenience to the Court, cause no harm to the Plaintiff, and will provide substantial justice to Movants. Accordingly, such amendments should be granted.

**Wherefore,** the Defendants respectfully request this Court to perform the following:

- Extend the Mediation Deadline from February 28, 2018 until April 16, 2018; and,
- Extend the Discovery Deadline from July 13, 2018 until August 31, 2018.

Respectfully submitted,

**Matthew Newton**
Florida Bar No. 111679

David B. Singer
Florida Bar No. 72823
JOHNSON, POPE, BOKOR,
RUPPEL & BURNS, LLP
401 E. Jackson St., Ste. 3100
Tampa, FL 33602
Tel: (813) 225-2500
Fax: (813) 223-7118
mattn@jpfirm.com
davids@jpfirm.com
Attorneys for Defendants

**Debra Bernard**
Illinois Bar No. 619217
Perkins Coie LLP - Chicago
131 S. Dearborn Street
Suite 1700
Chicago, IL 60603-5559
Tel.: 312-324-8559
Fax: 312-324-9559
dbernard@perkinscoie.com
Attorney *Pro Hac Vice*

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(G)

I certify that before filing this motion to amend the Court's Case Management Order, Movants conferred with Opposing Counsel in good faith, and Opposing Counsel agrees on the resolution of this motion.

Matthew Newton

### CERTIFICATE OF SERVICE

I certify that on February 16, 2018, I electronically filed this motion with the Clerk of Court, and an electronic copy of the document was generated to Plaintiffs' Counsel:

William "Billy" Peerce Howard (Billy@TheConsumerProtectionFirm.com); and, Jeremy M. Glapion (jmg@glapionlaw.com).

_____
Matthew Newton