IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOSEPHINE LOGIUDICE, individually
and on behalf of others similarly situated,

                          Plaintiff,                    Case No. 5:17-cv-0433-Oc-40PRL

v.

INTELEMEDIA COMMUNICATIONS,
INC., INTELEMEDIA PREMIER LEADS,
LLC, and DOES 1 – 25,

                          Defendants.

---

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND

### <u>INTRODUCTION</u>

1.     Plaintiff Josephine Logiudice ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from Defendants Intelemedia Communications, Inc.'s ("Intelemedia") and Intelemedia Premiere Leads LLC's ("IPL") (collectively, "Defendants") practice of placing prerecorded telemarketing telephone calls to telephones without prior express written consent in violation of the Telephone Consumer Protection Act. 47 U.S.C. § 227 *et seq.*. ("TCPA").

**ANSWER:**   Defendants admit that Plaintiff has brought this Class Action Complaint.  To the extent this allegation contains legal conclusions, no response is required.  Defendants deny the remaining allegations of this paragraph.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.   This Court has personal jurisdiction over Defendants because the behavior giving rise to the instant litigation was targeted at this District.

**ANSWER:**   Defendants admit that this action is brought under the TCPA. Defendants deny the remaining allegations of this paragraph.

3.      Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendants conduct significant amounts of business transactions within this District and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

**ANSWER:**   Defendants admit the venue is proper in this district and deny the remaining allegations of this paragraph.

## PARTIES

4.      Plaintiff is, and at all times mentioned herein was, a citizen and resident of Ocala, Florida.

**ANSWER:**   Defendants lack knowledge or sufficient information to admit or deny the allegations in this paragraph.

5.      Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

**ANSWER:** This paragraph contains legal conclusions regarding the applicability of this statute to which no answer is required. To the extent an answer is required, Defendant assumes that Plaintiff falls within the definition of a "person."

6.      Defendant Intelemedia Communications, Inc. is and at all times mentioned herein was, a corporation duly organized under the laws of the State of Delaware with its headquarters in Texas.

**ANSWER:** Defendant Intelemedia Communications, Inc., admits that it is a corporation and that its corporate headquarters is in Texas and denies the remaining allegations of this paragraph, including that it is a proper party to this action. Answers herein that are made on behalf of both Defendants are not a concession or admission that Defendant Intelemedia Communications, Inc., is a proper party to this action.

7.      Defendant Intelemedia Communications, Inc. is and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

**ANSWER:** This paragraph contains legal conclusions regarding the applicability of this statute to which no answer is required. To the extent an answer is required, Defendants admit that Defendant Intelemedia Communications, Inc., falls within the definition of a "person."

8.      Defendant Intelemedia Premier Leads, LLC. is and at all times mentioned herein was, a corporation duly organized under the laws of the State of Delaware with its headquarters in Texas.

**ANSWER:** Defendant Intelemedia Premier Leads, LLC ("IPL"), admits the allegations in this paragraph.

9.      Defendant Intelemedia Premier Leads, LLC. is and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

ANSWER:  This paragraph contains legal conclusions regarding the applicability of this statute to which no answer is required.  To the extent an answer is required, Defendants admit that Defendant IPL falls within the definition of a "person."

10.     Does 1-25 are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

ANSWER:  Defendants lack knowledge or sufficient information to admit or deny the allegations in this paragraph.

## FACTUAL ALLEGATIONS

11.     In approximately early 2017, Plaintiff began receiving telephone calls on her cellular telephone number ending in 9464.

ANSWER:  Defendants lack knowledge or sufficient information to admit or deny whether Plaintiff generally received calls at that telephone number.  Defendant IPL admits that it called a number represented to be Plaintiff's number ("Plaintiff's number") pursuant to Plaintiff's request and consent.

12.     These calls came from Defendants' telephone number 1-800-228-7676.

ANSWER:  Defendant IPL admits that it called Plaintiff's number from 1-800-228-7676 pursuant to Plaintiff's request and consent.  To the extent that the allegations in this paragraph are directed to Defendant Intelemedia Communications, Inc., it denies that allegations in this paragraph.

13. This telephone number is associated with Defendants' "Dream Sweepstakes" (also known as "Moneycall") promotion, details of which can be found at www.dreamsweepstakes.net

**ANSWER**: Defendant IPL admits that the number is assigned to Dream Sweepstakes. IPL denies that Plaintiff signed up for Moneycall at www.dreamsweepstakes.net. Defendants further deny that Plaintiff signed up to receive calls on the Dream Sweepstakes website, and affirmatively state that Plaintiff requested and consented to receive calls by calling into Defendant IPL's number either to answer polling questions and/or to sign up for Moneycall. To the extent that the allegations in this paragraph are directed to Defendant Intelemedia Communications, Inc., it denies those allegations in this paragraph. Defendants deny the remaining allegations of this Paragraph.

14. Defendants, as part of their "Dream Sweepstakes" promotion, place prerecorded telephone calls to individuals.

**ANSWER**: Defendant IPL only places prerecorded calls to individuals who have expressly consented to receive such calls. To the extent that the allegations in this paragraph are directed to Defendant Intelemedia Communications, Inc., it denies those allegations in this paragraph. Defendants deny the remaining allegations of Paragraph 14.

15. These calls also used an automatic telephone dialing system, as evidenced by a brief and unnatural pause prior to the prerecorded message beginning to play.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph.

16.     These telephone calls contain several advertisements for various products and services, making the calls telemarketing.

**ANSWER:**  This paragraph contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

17.     The calls Plaintiff answered contained such prerecorded messages and advertisements.

**ANSWER:**  Defendants lack knowledge or sufficient information to admit or deny these allegations in this paragraph.

18.     Because the calls constitute telemarketing, Defendants were required to obtain prior express written consent from the persons to whom they made calls.

**ANSWER:**  This paragraph contains legal conclusions to which no answer is required. Defendants affirmatively state that Plaintiff expressly consented to receive calls regarding Moneycall. To the extent any further answer is required, Defendants deny the allegations in this paragraph.

19.     "Prior express written consent" is specifically defined by statute as:

> [A]n agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the

telephone number to which the signatory authorizes such

advertisements or telemarketing messages to be delivered.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph.

20.     Indeed, a review of the "Dream Sweepstakes" website shows that Defendants did not obtain such consent.

**ANSWER:** Defendants deny that Plaintiff signed up to receive calls on the Dream Sweepstakes website, affirmatively state that Plaintiff requested and consented to receive calls by calling into Defendant IPL's number either to answer polling questions and/or to sign up for Moneycall and deny the remaining allegations of this paragraph.

21.     On the main page, there are links to "Home'', "How To Play", and "Support".

**ANSWER:** Defendants deny that Plaintiff signed up to receive calls on the Dream Sweepstakes website, affirmatively state that Plaintiff requested and consented to receive calls by calling into Defendant IPL's number to sign up for Moneycall. Defendants admit that there are links to "Home," "How to Play" and "Support" but deny that those are the only links on the website.

22.     On the "Home" page, it states "Subscribe now by calling 1_800_228_7676.

**ANSWER:** Defendants deny that Plaintiff signed up to receive calls on the Dream Sweepstakes website, affirmatively state that Plaintiff requested and consented to receive

calls by calling into Defendant IPL's number to sign up for Moneycall and admit the remaining allegations of this paragraph.

23.     There are no written disclosures authorizing Defendants to deliver or cause to be delivered advertisements or telemarketing messages using an artificial or prerecorded voice.

**ANSWER**:  Defendants deny the allegations in this paragraph.

24.     No such disclosures are read to the caller (although this would not be sufficient written consent regardless).

**ANSWER**:  This paragraph contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

25.     On the "How to Play" page there are instructions on how to subscribe (but none on how to opt out).  There are no written disclosures authorizing Defendants to deliver or cause to be delivered advertisements or telemarketing messages using an artificial or prerecorded voice.

**ANSWER**:  Defendants deny that Plaintiff signed up to receive calls on the Dream Sweepstakes website, affirmatively state that Plaintiff requested and consented to receive calls by calling into Defendant IPL's number to sign up for Moneycall and deny the remaining allegations of this paragraph.

26.     On the Support Page, there is a contact form.  There are no written disclosures authorizing Defendants to deliver or cause to be delivered advertisements or telemarketing messages using an artificial or prerecorded voice.

**ANSWER**: Defendants deny that Plaintiff signed up to receive calls on the Dream Sweepstakes website, affirmatively state that Plaintiff requested and consented to receive calls by calling into Defendant IPL's number to sign up for Moneycall and deny the remaining allegations of this paragraph.

27.      On the Support Page, however, there is a link to "Official Rules." This is the only link to the Official Rules on the site.

**ANSWER**: Defendants deny that Plaintiff signed up to receive calls on the Dream Sweepstakes website, affirmatively state that Plaintiff requested and consented to receive calls by calling into Defendant IPL's number to sign up for Moneycall, admits that there is a link to "Official Rules" and admit the remaining allegations of this paragraph.

28.      The Official Rules page discloses that "by clicking the SUBSCRIBE button, I hereby consent to receive … pre-recorded telemarketing calls from or on behalf of Intelemedia Premier Leads, LLC at the telephone number provided above[.]"

**ANSWER**: Defendants deny that Plaintiff signed up to receive calls on the Dream Sweepstakes website, affirmatively state that Plaintiff requested and consented to receive calls by calling into Defendant IPL's number to sign up for Moneycall and deny the remaining allegations of this paragraph as it is not a complete quotation from the Official Rules.

29.      There is no "subscribe" button to click, nor is the telephone number provided anywhere on the site.

**ANSWER**: Defendants deny that Plaintiff signed up to receive calls on the Dream Sweepstakes website, affirmatively state that Plaintiff requested and consented to receive

calls by calling into Defendant IPL's number to sign up for Moneycall and deny the remaining allegations of this paragraph.

30.     In the "How to Enter" section, it states that "[b]y confirming your subscription over the phone or online at www.dreamsweepstakes.net, you are providing your express written consent to receive weekly phone numbers to the phone you use to subscribe with[.]"

**ANSWER**: Defendants deny that Plaintiff signed up to receive calls on the Dream Sweepstakes website, affirmatively state that Plaintiff requested and consented to receive calls by calling into Defendant IPL's number to sign up for Moneycall and deny the remaining allegations of this paragraph.

31.     Notwithstanding the facts that burying consent language in the "Official Rules" found only on the support page and that simply stating that a telephone call is written consent cannot override the statutory definition of "written consent", the language itself is deficient, as it does not disclose the possibility or pre-recorded telemarketing calls.

**ANSWER**:  This paragraph contains legal conclusions to which no answer is required.  Further answering, Defendants deny that Plaintiff signed up to receive calls on the Dream Sweepstakes website, affirmatively state that Plaintiff requested and consented to receive calls by calling into Defendant IPL's number to sign up for Moneycall and deny the remaining allegations of this paragraph.

32.     Nevertheless, the language quoted above indicates Defendants' awareness of its obligations under the TCPA, and its intentional disregard of those obligations.

ANSWER:  This paragraph contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

33.      Defendant placed more than 80 such telemarketing calls to Plaintiff.

ANSWER: Defendants deny that they placed any telemarketing calls to Plaintiff.

34.      Accordingly, because Defendants failed to obtain prior express written consent prior to making its telemarketing calls, Defendants' telephone calls violate 47 U.S.C. § 227(b), and Plaintiffs and class members are entitled to $500 to $1500 per call.

ANSWER:  Defendants deny that Plaintiff signed up to receive calls on the Dream Sweepstakes website, affirmatively state that Plaintiff requested and consented to receive calls by calling into Defendant IPL's number to sign up for Moneycall and deny the remaining allegations of this paragraph.

35.      Furthermore, Defendant did not have a written "do not call" policy in place prior to making its telemarketing calls.

ANSWER:  Defendants deny that they placed any telemarketing calls to Plaintiff.

36.      Companies making telemarketing calls are required to have such a policy prior to making any telemarketing calls, regardless of the equipment used to make the calls, pursuant to 47 U.S.C. § 227(c) and 47 CFR 64.1200(d)(1).

ANSWER:  This paragraph contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

37.     Accordingly, Defendant's calls separately violate 47 U.S.C. § 227(c), entitling Plaintiff and class members to an additional $500-$1500 per call.

**ANSWER:**  This paragraph contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

## CLASS ACTION ALLEGATIONS

38.     Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of a proposed class defined as:

> Plaintiff and all persons within the United States to whose telephone number Defendants placed a prerecorded telemarketing call or to whose cellular telephone number Defendants placed a call using an automatic telephone dialing system. ("Class")

**ANSWER:**  Defendants deny that a class should be certified.

39.     Excluded from this class are Defendants and any entities in which Defendants have a controlling interest: Defendants' agents and employees: any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

**ANSWER:**  This paragraph contains legal conclusions to which no answer is required. Defendants deny that a class should be certified.

40.     The Class members for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

**ANSWER**:  Defendants lack knowledge or sufficient information to admit or deny the allegations in this paragraph.  Defendants deny that a class should be certified.

41.     The exact number and identities of the persons who fit within the class are ascertainable in that Defendants maintains written and electronically stored data showing:

a.      The time period(s) during which Defendants placed their calls:

b.      The telephone numbers to which Defendants placed their calls:

c.      The content of the calls:

d.      The equipment and methods for making the calls:

**ANSWER**:  Defendants deny that a class should be certified and, therefore deny the allegations in this paragraph.

42.     The Class is comprised or hundreds, if not thousands, of individuals nationwide.

**ANSWER**:  Defendants lack knowledge or sufficient information to admit or deny the allegations in this paragraph.  Defendants deny that a class should be certified.

43.     There are common questions of law and fact affecting the rights of the Class members, including, *inter alia,* the following:

a.      Whether Defendants used an automatic dialing system or prerecorded voice in placing its calls;

b.      Whether Defendants took adequate steps to acquire and/or track consent;

c.      Whether Defendant had a written do not call policy;

d.      Whether Plaintiff and Class members were damaged thereby, and the extent of damages for such violations; and

e.      Whether Defendants should be enjoined from engaging in such conduct in the future.

**ANSWER:**  Defendants deny the allegations in this paragraph and deny that a class should be certified.

44.      Plaintiff is a member of the Class in that Defendants made prerecorded telemarketing calls made using an automatic telephone dialing system to her cellular telephone.

**ANSWER:**  Defendants deny the allegations in this paragraph and deny that a class should be certified.

45.      The claims of Plaintiff are typical of the Class members in that they arise from Defendants' uniform conduct and are based on the same legal theories of all Class members.

**ANSWER:**  Defendants deny the allegations in this paragraph and deny that a class should be certified.

46.      Plaintiff and all putative Class members have also necessarily suffered actual damages in addition to statutory damages, as the calls used Class members' cellular telephone plans, caused a nuisance to Class members, and invaded Class members' privacy.

**ANSWER:**  Defendants deny the allegations in this paragraph and deny that a class should be certified.

47.     Plaintiff has no interests antagonistic to, or in conflict with, the Class.

**ANSWER**: Defendants deny the allegations in this paragraph and deny that a class should be certified.

48.     Plaintiff will thoroughly and adequately protect the interests of the Class, having retained qualified and competent legal counsel to represent himself and the Class.

**ANSWER**: Defendants deny the allegations in this paragraph and deny that a class should be certified.

49.     Defendants have acted and refused to act on grounds generally applicable to the Class, thereby making injunctive and declaratory relief appropriate for the Class as a whole.

**ANSWER**: Defendants deny the allegations in this paragraph and deny that a class should be certified.

50.     The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

**ANSWER**: Defendants deny the allegations in this paragraph and deny that a class should be certified.

51.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

**ANSWER**: Defendants deny the allegations in this paragraph and deny that a class should be certified.

52.     Common questions will predominate, and there will be no unusual manageability issues.

**ANSWER:** Defendants deny the allegations in this paragraph and deny that a class should be certified.

**FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the Class)**

53.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

**ANSWER:**  Defendants incorporate their answers to Paragraphs 1-52 as though fully set forth herein.

54.     Defendants placed prerecorded and autodialed telemarketing telephone calls to the telephone numbers belonging to Plaintiff and the other members of the Class.

**ANSWER:**   Defendants deny that a class should be certified and, therefore Defendants deny the allegations in this paragraph.

55.     These calls were made in the absence of prior express written consent from Plaintiff and Class members.

**ANSWER:**  Defendants deny the allegations in this paragraph.

56.     Defendants have therefore violated 47 U.S.C. § 227(b).

**ANSWER:**  This paragraph contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

57.     As a result of Defendants' unlawful conduct, Plaintiff and the members of the putative Class are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation under 47 U.S.C. § 227(b)(3)(B).

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph.

58.     Should the Court determine that Defendants' conduct was willful and/or knowing, Plaintiff and each member of the Class are entitled to treble damages in the amount of $1,500 per call, pursuant to 47 U.S.C. § 227(b)(3).

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph.

## SECOND CAUSE OF ACTION
### Violations of the TCPA 47 U.S.C. § 227(c)
### (On behalf of Plaintiff and the C Class)

59.     Plaintiff and the proposed Class incorporate the foregoing allegations as if fully set forth herein.

**ANSWER:** Defendants incorporate their answers to the foregoing allegations as though fully set forth herein.

60.     Defendant placed numerous calls for telemarketing purposes to Plaintiff and Class Members' telephone numbers.

**ANSWER:** Defendants deny that they placed any telemarketing calls to Plaintiff.

61.     Defendant did so despite not having a written policy pertaining to "do not call" requests.

**ANSWER:** Defendants deny that they placed any telemarketing calls to Plaintiff.

62.     Plaintiff and Class Members each received two or more calls in a 12-month period.

**ANSWER:** Defendants lack knowledge or sufficient information to admit or deny the allegations in this paragraph as to who received calls and from whom.

63.     Plaintiff and Class Members are entitled to an award of $500 in statutory damages telephone call pursuant to 47 U.S.C. § 227(c)(5).

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph.

64.     Plaintiff and class members are entitled to an award of treble damages in an amount up to $1,500 telephone call, pursuant to 47 U.S.C. § 227(c)(5).

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph.

### PRAYER FOR RELIEF

WHEREFORE, Defendants deny that Plaintiff, or any member of the putative class, is entitled to the relief requested in the Complaint.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof on any matters that would otherwise rest with Plaintiff, and expressly denying any and all wrongdoing, Defendant alleges the following affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Class Action Complaint (the "Complaint") fails to state facts sufficient to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

If any autodialed or pre-recorded calls were made to Plaintiff's number or the numbers of purported class members, the recipients had previously requested and consented to those calls and/or had provided their wireless numbers as the numbers at which they were to be contacted.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims and the claims of others alleged to be members of the purported class are barred in whole or in part under the doctrines of estoppel and waiver because Plaintiff and others alleged to be members of the purported class consented to, initiated, ratified, or acquiesced in all of the alleged acts or omissions alleged in the Complaint and/or failed to mitigate damages.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims and the claims of others alleged to be members of the purported class are barred because the alleged calls were not telemarketing calls and Defendants at all times complied in good faith with all applicable statutes and regulations.

### FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks to bring this action on behalf of a class, this action cannot be maintained as a class action because, *inter alia,* Plaintiff does not and cannot satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any injury, loss or damage as a result of any acts alleged in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

To the extent that the Complaint seeks putative class damages, the aggregated statutory damages, if any, are grossly excessive and disproportionate especially in light of the absence of any injury or harm to Plaintiff and the putative Class members, and therefore any award of statutory damages to Plaintiff or putative class members may constitute excessive fines and in violation of the Defendants' due process rights under the U.S. Constitution.

### EIGHTH AFFIRMATIVE DEFENSE

Defendants specifically gives notice that they intend to rely upon such other defenses as may become available by law, or pursuant to statute, or as a result of any further discovery proceedings in this case, and hereby reserve the right to amend its Answer and assert such defenses.

WHEREFORE, Defendants prays for judgment as follows:

1)          That Plaintiff's request for class certification be denied;

2)        That Plaintiff and the purported class take nothing by reason of her

Complaint and any and all claims for damages of any sort or nature be denied;

3)        That judgment be entered in Defendants' favor;

4)        That Defendants be awarded their costs and attorneys' fees incurred

in defending this action; and

5)        For such other and further relief the Court deems necessary in the

interest of justice.

Dated: March 6, 2018

Respectfully submitted,

David B. Singer
Florida Bar No. 72823
Matthew Newton
Florida Bar No. 111679
JOHNSON, POPE, BOKOR,
RUPPEL & BURNS, LLP
401 E. Jackson St., Ste. 3100
Tampa, FL 33602
Tel: (813) 225-2500
Fax: (813) 223-7118
davids@jpfirm.com
mattn@jpfirm.com
Attorneys for Defendants

**Debra Bernard**
Illinois Bar No. 619217
Perkins Coie LLP - Chicago
131 S. Dearborn Street
Suite 1700
Chicago, IL 60603-5559
Tel.: 312-324-8559
Fax: 312-324-9559
dbernard@perkinscoie.com
Attorney *Pro Hac Vice*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument, ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT, has been served on the following counsel of record this March 6, 2018 by e-mail and ECF filing notifications.

William "Billy" Peerce Howard, Esquire
THE CONSUMER PROTECTION FIRM, PLLC
210-A South MacDill Avenue
Tampa, FL 33609
Telephone: (813) 500-1500 x201
Facsimile:  (813) 435-2369
Billy@TheConsumerProtectionFirm.com

Jeremy M. Glapion
**THE GLAPION LAW FIRM, LLC**
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: 732.455.9737
Fax: 732.709.5150
jmg@glapionlaw.com
*Attorneys for Plaintiff*