# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**JOSEPHINE LOGIUDICE, individually
and on behalf of all others similarly
situated,**

    **Plaintiff,**

v.                                                                                              **Case No: 5:17-cv-433-Oc-PGBPRL**

**INTELEMEDIA COMMUNICATIONS,
INC., INTELEMEDIA PREMIER
LEADS, LLC and DOES 1-25**

    **Defendants.**

## ORDER

The parties scheduled mediation to be conducted on April 5, 2018 with mediator Peter Grilli, Esq., in Tampa, Florida. Pursuant to agreement, the mediation conference was to be conducted jointly with a plaintiff in a related case pending in the Western District of Tennessee. (Doc. 36). Defendants' corporate representative flew to Tampa from Phoenix, Arizona and attended the conference, as did defense counsel who flew from Chicago, Illinois. Plaintiff, who resides in the Tampa area, failed to appear for the mediation. Plaintiff's lead counsel, Jeremy Glapion, Esq. attended. (Doc. 38). The parties reached an impasse.

Defendants have now filed the instant motion for sanctions to be imposed against Plaintiff for her failure to appear at the mediation conference. (Doc. 39). Specifically, Defendants request that Plaintiff be ordered to pay the reasonable attorney's fees and costs incurred by Defendants associated with the April 5, 2018 mediation; pay reasonable travel costs for Defendants and counsel; and that the Court order a second mediation conference with the actual presence and participation of the Plaintiff. Plaintiff has filed a response in opposition. (Doc. 40).

The Case Management and Scheduling Order (Doc. 31) provides:

> Each attorney acting as lead trial counsel, and each party (and in the case of a corporate party, a corporate representative) with full authority to settle, **shall** attend and participate in the mediation conference in person. In the case of an insurance company, the term "full authority to settle" means authority to settle for the full value of the claim or policy limit. The Court may impose sanctions upon lead counsel and parties who do not attend and participate in good faith in the mediation conference.

On motion or on its own, the Court may issue sanctions for a party or its attorney's failure to obey a scheduling order. Fed.R.Civ.P. 16(f)(1)(C). Instead of or in addition to any other sanction, the Court "must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance . . . unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed.R.Civ.P. 16(f)(2). Moreover, Local Rule 9.05(c), requires all parties to be present at a court-ordered mediation conference unless expressly excused by the presiding judge in writing, and the failure to attend such a conference may subject a party to sanctions.

In response to the motion, Attorney Glapion simply claims that he overlooked the personal attendance requirements in the Court's rules. This explanation falls well short of establishing that Plaintiff's failure to attend the mediation was substantially justified. As noted above, the personal attendance requirement was clearly set forth in the Court's case management and scheduling order. Moreover, in seeking leave to appear *pro hac vice* in this matter, Attorney Glapion represented that he is "familiar with, and will be governed by, the Local Rules" of this Court, which also require personal attendance. (Doc. 11). Accordingly, Plaintiff has not established that her failure to appear at the mediation was substantially justified, or that other circumstances make an award of expenses unjust. *See Scott v. K.W. Max Investments, Inc.*, No. 6:05-cv-683-ORL-18, 2007 WL 80851, *2 (M.D. Fla. Jan. 8, 2007) (granting sanctions for failure to appear at mediation in

violation of case management and scheduling order). Thus, the Court "**must** order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance." Fed.R.Civ.P. 16(f)(2). However, due to the joint nature of the mediation (and the apparent overlap of Defendants and counsel), it does not appear that all expenses incurred by Defendants in attending the mediation should be charged to Plaintiff and her counsel.

Accordingly, Defendants' motion (Doc. 39) is **GRANTED**,[1] and counsel for the parties shall confer in a good faith effort to resolve the reasonable expenses, including attorney's fees, travel costs, and the mediator's fee, which were incurred by Defendants in attending the mediation (for this case) and filing the instant motion. If the parties fail to reach an agreement, Defendants may file a motion for assessment of reasonable expenses against both Plaintiff and Attorney Glapion, supported by evidence, on or before **May 15, 2018.**

With respect to Defendants' request for a second mediation conference, Attorney Glapion states that he does not believe it would be successful at this time because the parties are not close to a resolution and significant amounts of information remain outstanding. If, after conferring in good faith, Defendants continue to seek a second mediation conference, they should file a motion seeking such relief on or before **May 15, 2018.**

**DONE** and **ORDERED** in Ocala, Florida on April 30, 2018.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

---

[1] Because the Court was able to rule on the instant motion without the assistance of a reply, Defendants' motion for leave to file a reply (Doc. 41) is terminated as moot.

Counsel of Record
Unrepresented Parties